**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| GERALD NELSON AND § | |
| JOHNNY WAYNE GROSS, JR. § | |
| On behalf of themselves and All others § | |
| similarly situated, § | |
|     Plaintiffs, § | |
| § | CIVIL ACTION NO. 2-07-CV-10 (TJW) |
| v. § | |
| § | |
| AMERICAN STANDARD INC., d/b/a § | |
| THE TRANE COMPANY, § | |
|     Defendant. § | |

**MEMORANDUM ORDER**

Before the Court is Defendant The Trane Company's ("Trane") Motion to Stay Proceedings and Compel Arbitration (#12). After considering the parties' written submissions and the applicable law, the Court DENIES the motion for the reasons set forth below.

**I.     Background**

The plaintiffs filed this collective action against Trane alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207. Specifically, the plaintiffs allege that they were not properly compensated for pre- and post-shift activities in violation of the wage payment and overtime requirements of the FLSA. The plaintiffs are members of the International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers/Communication Workers of America (AFL-CIO/CLC) Local 86782. The Union entered into a collective bargaining agreement ("CBA") with Trane. According to Trane, the CBA specifically addresses the wages and overtime issues that are raised in this case. Trane also contends that the CBA contains grievance and arbitration procedures for addressing these issues. The plaintiffs have not pursued their complaints according to the grievance and arbitration procedures under the CBA. Therefore, Trane requests that

the Court stay this case and compel arbitration as required in the CBA.

## II.     Discussion

Under the Federal Arbitration Act, pre-dispute arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. There is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). The issue presented in this case is whether the plaintiffs are required to arbitrate their FLSA claims according to the Union-negotiated CBA prior to seeking relief in this Court.[1]

In support of their motion to compel arbitration, the defendant contends that FLSA claims may be submitted for arbitration. *See Carter v. Countrywide Credit Industries, Inc.*, 362 F.3d 294 (5th Cir. 2004). The defendant also argues that it is not preventing the plaintiffs from seeking relief in the courts; it is only requesting that the plaintiffs submit to arbitration prior to seeking relief in the courts. The plaintiffs, on the other hand, argue that *Carter* involved an individually-negotiated arbitration agreement, not an arbitration agreement from a CBA. *See id*. at 298. According to the plaintiffs, arbitration agreements in a CBA may not compel arbitration of their FLSA claims. *See id*.

An individual party may file suit in federal court based on conduct giving rise to a grievance arbitrable under a CBA. *Alexander v. Gardner-Denver* Co., 415 U.S. 36, 49-15 (1974). An employee, however, who individually agreed to waive his right to a federal forum may be compelled

---

[1] For purposes of addressing this issue, the Court assumes that the FLSA claims are covered in the CBA.

to arbitrate a statutory claim. *Gilmer*, 500 U.S. at 33-35. Based on the *Gilmer* decision, the Fifth Circuit in *Carter* distinguished between arbitration agreements in CBAs and individually executed arbitration agreements. *Id*. "This difference is not insignificant; the Supreme Court explicitly distinguished between these two types of arbitration agreements in *Gilmer*, ultimately concluding that the former may not be subject to arbitration while the later are." *Id*. The Fifth Circuit concluded that FLSA claims were subject to an arbitration clause in an individually negotiated arbitration agreement. *Id*.

The focus is on the party who negotiated the arbitration agreement. Several courts have concluded that *Gardner-Denver*'s rationale applies to an arbitration provision negotiated by a union in a CBA. *See Rogers v. New York University*, 220 F.3d 73, 75 (2d Cir. 2000); *see also Pichon v. Murphy, U.S.A., Inc.*, 2001 WL 603962, *7 (E.D. La. May 30, 2001), *rev'd on other grounds*, 33 Fed. Appx. 706 (5th Cir. 2002), *but cf. Austin v. Owens-Brockway Glass Container, Inc.*, 78 F.3d 875, 880-86 (4th Cir. 1996). Under *Gardner-Denver*, an arbitration provision in a union-negotiated CBA purporting to waive any rights to a federal forum with respect to statutory claims is unenforceable. *See Rogers*, 220 F.3d at 75; *Pichon*, 2001 WL 603962, at *7.

Here, the CBA covers the issues raised by the plaintiffs' federal statutory claims. The CBA, however, was negotiated by the Union. Accordingly, the plaintiffs are not required to arbitrate their FLSA claims before seeking relief in a federal forum.

**III.    Conclusion**

The plaintiffs are not required to arbitrate their FLSA claims under a union-negotiated CBA before seeking relief in federal court. Accordingly, the defendant's motion to stay proceedings and to compel arbitration is DENIED.

SIGNED this 13th day of August, 2007.

                                                                                                                      
T. JOHN WARD
UNITED STATES DISTRICT JUDGE