UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GERALD NELSON, ET AL., | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-010 |
| | § | |
| AMERICAN STANDARD, INC. d/b/a | § | |
| TRANE CORP. | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

**I.     Introduction**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. Pursuant to the provisions of that section, the undersigned recommends that conditional certification be given for Trane's 8 facilities located in Texas, Louisiana, Arkansas, Florida, and Georgia. The undersigned also recommends that the parties be given leave to meet and confer on the form of the notice for prospective plaintiffs, as well as the content and operation of a website, to be maintained by the plaintiffs' counsel, that provides information about this action to prospective plaintiffs. The court further orders Trane to provide the plaintiffs' counsel with the names, home addresses, home telephone numbers, social security numbers, and dates of birth of the potential plaintiffs, as described herein, in accordance with the terms of the protective order in this case. Such disclosure shall occur within 20 days of the final disposition of this report and recommendation by the Honorable T. John Ward, United States District Judge for the Eastern District of Texas–Marshall Division.

## II.  Factual Background

The plaintiffs filed this suit to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA").  *See* 29 U.S.C. §§ 206, 207.  The plaintiffs contend that the defendant failed to compensate employees for work performed before and after their compensated shift time.  These unpaid work activities include the compliance with security procedures, the donning and doffing of personal protective equipment ("PPE"), walking to and from workstations, and post-production cleanup activities.  The plaintiffs move the court to conditionally certify a collective action and approve notice to 17 facilities located in 13 states.

## III.  The Parties' Contentions

The plaintiffs' request for conditional certification and notice is brought pursuant to the collective action provisions of the FLSA.  *See* 29 U.S.C. § 216(b).  The plaintiffs move the court to authorize notice to the following Trane facilities: (1) Charlotte, North Carolina, (2) Clarksville, Tennessee, (3) Columbia, South Carolina, (4) Cullen, Louisiana, (5) Forsyth, Georgia, (6) Fort Smith, Arkansas, (7) La Crosse, Wisconsin, (8) Lexington, Kentucky, (9) Lynn Haven, Florida,[1] (10) Macon, Georgia, (11) McGregor, Texas, (12) Pueblo, Colorado, (13) Rockingham, North Carolina, (14) Rushville, Indiana, (15) Trenton, New Jersey, (16) Tyler, Texas, and (17) Vidalia, Georgia.  The plaintiffs contend that employees in all seventeen facilities are similarly situation because they perform substantially the same pre- and post-shift work tasks and were only paid according to their specified shift time.

In support of their motion, the plaintiffs have submitted declarations from 43 current and former employees at 13 of the accused Trane facilities.  Additionally, more than 350 current and

---

[1]  Referred to by the plaintiffs as Panama City, Florida.

former Trane employees, representing all of the accused facilities, have filed notices with the court of their intention to opt into this case. The plaintiffs argue that the sworn content of these declarations and notices provide substantial evidence that Trane's hourly line employees throughout all of the accused facilities are similarly situated, and that the court's conditional certification is appropriate.

The defendant contends that each of its 17 facilities are autonomous, and that each facility has its own unique conditions and policies. The defendant argues that the autonomous nature of each facility precludes a finding that the employees are similarly situated. For example, Trane asserts that the employees at 7 of the accused facilities have specifically bargained for their workplace obligations by way of collective bargaining agreements, and that certain conditions, such as security turnstiles are not uniformly present at all of the accused locations..

**IV.   Discussion**

The FLSA states that an action may be brought by "one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). District courts have discretion to conditionally certify a collective action and to authorize the sending of notice to potential class members so that they may choose to "opt-in" to the suit. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

Federal courts currently follow two different approaches for determining what "similarly situated" means in a collective action context under § 216(b): (1) the two-stage class certification described in *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D.N.J. 1987), and (2) the "Spurious Class Action" described in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). The Fifth Circuit has discussed the two approaches, but has not adopted a specific approach. *Mooney v.*

*Aramco Services Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995).  However, the *Lusardi* two-step approach is the prevailing test among federal courts and is the one that the court will apply in this case.  *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. 2002); *Neagley v. Atascosa County EMS*, 2005 WL 354085, *3 (W.D. Tex. 2005).

The *Lusardi* approach lends itself to *ad hoc* analysis on a case-by-case basis.  *Mooney*, 54 F.3d at 1213.  Under this approach, certification for collective action is divided into two stages: (1) the notice stage; and (2) the opt-in or merits stage.  *Id*. at 1213-14.  In the notice stage, the court makes a decision, based on the pleadings and affidavits, on whether notice of the action should be given to putative class members.  *Id*.  This decision typically results in "conditional certification" of a representative class.  *Id*. at 1214.

The plaintiffs bear the burden of presenting preliminary facts showing that a similarly situated group of potential plaintiffs exist.  *See D'Anna v. M/A-Com., Inc.*, 903 F. Supp. 889, 893-94 (D. Md. 1995).  This preliminary factual showing must be based on competent evidence in order to avoid stirring up unwarranted litigation.  *Id*. at 894.  However, because the court has minimal evidence, the determination is made using a fairly lenient standard and requires nothing more than substantial allegations that the putative class members were victims of a single decision, policy, or plan.  *Mooney*, 54 F.3d at 1214, 1214 n.8 (citing *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).  In addition, the plaintiffs need only show that their positions are similar, not identical.  *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616 (S.D. Tex. 1979).  The court should satisfy itself that there are other employees of the defendant who are "similarly situated" with respect to their job requirements and pay provisions.  *Dyback v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).  Furthermore, in assessing the plaintiff's allegations, the

court should consider factors such as whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread plan was submitted. *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (internal citations omitted).

Notice is appropriate if the court concludes that there is "some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged [policy or practice]." *Villatoro v. Kim Son Restaurant, L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003). Therefore, a court can foreclose a plaintiff's right to proceed collectively only if the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice. *Burt v. Manville*, 116 F.R.D. 276, 277 (D. Colo. 1987).

The second stage of the *Lusardi* approach, or the opt-in or merits stage, is typically precipitated by the defendant's motion for "decertification" after discovery has largely been completed and the matter is ready for trial. *Mooney*, 54 F.3d at 1214. With more information, the court can now make a factual determination on the similarly situated question, and decide whether to allow the representative action to proceed to trial or to decertify the class and dismiss, without prejudice, the opt-in plaintiffs. *Id*. If the court decertifies the class, the original plaintiffs would proceed to trial on their individual claims. *Id*.

Turning to the matter at hand, the undersigned concludes that conditional certification is appropriate at this stage for the 8 Trane facilities located in Texas, Louisiana, Arkansas, Florida, and Georgia. Even assuming that the plaintiffs have proven that the employees in each of Trane's 17 facilities are similarly situated, the plaintiffs have not made a strong showing of a company-wide practice. Therefore, limiting the scope of the notice in this manner is proper. Courts in this district have imposed regional limitations in the past, in part to circumscribe discovery pending a stronger

showing of the propriety of nationwide notice. *Schiff v. Racetrac Petroleum, Inc.*, 2:03-CV-402 (#16, #67, preliminarily rejecting claim for nationwide notice in favor of regional notice); *Mitchell v. Wal-Mart Stores, Inc.*, 2:02-CV-220 (#14, limiting discovery to the defendant's stores in the Eastern District of Texas and the State of Arkansas) (#41, liming the scope of notice). Therefore, the undersigned recommends the conditional certification of a regional collection of plaintiffs that include the 8 Trane facilities in Texas, Louisiana, Arkansas, Florida, and Georgia. Should discovery reveal stronger evidence of a company-wide practice or policy, the plaintiffs may move to expand the notice to additional plants.

**V.     Conclusion**

In light of the above report, the undersigned recommends that conditional certification be given for Trane's 8 facilities located in Texas, Louisiana, Arkansas, Florida, and Georgia. The undersigned also recommends that the parties be given leave to meet and confer on the form of the notice for prospective plaintiffs, as well as the content and operation of a website, to be maintained by the plaintiffs' counsel, that provides information about this action to the putative plaintiffs. The court further orders Trane to provide the plaintiffs' counsel with the names, home addresses, home telephone numbers, social security numbers, and dates of birth of the potential plaintiffs, as described herein, in accordance with the terms of the protective order in this case. Such disclosure shall occur within 20 days of the final disposition of this report and recommendation by the Honorable T. John Ward, United States District Judge for the Eastern District of Texas–Marshall Division.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a copy shall bar that party from *de*

*novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglas v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

    SIGNED this 12th day of March, 2008.

                                                CHARLES EVERINGHAM IV
                                                UNITED STATES MAGISTRATE JUDGE