# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GERALD NELSON AND <br> JOHNNY WAYNE GROSS, JR. <br> On Behalf of Themselves <br> and All Others Similarly Situated <br><br> v. <br><br> AMERICAN STANDARD, INC. d/b/a <br> TRANE CORPORATION | § § § § § § § § § § | CASE NO. 2:07-CV-10-TJW-CE |

Consolidated With

| | | |
|---|---|---|
| FELTON WAYNE DEWBERRY <br> On Behalf of Himself <br> and All Others Similarly Situated <br><br> v. <br><br> AMERICAN STANDARD, INC. d/b/a <br> TRANE CORPORATION | § § § § § § § § | CASE NO. 2:08-CV-390-TJW-CE |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs' motion for entry of limited discovery order (Dkt. No. 110), filed in support of Plaintiffs' proposal contained in the Joint Motion for Entry of Discovery and Case Management Plan and Scheduling Order (Dkt. No. 111). The Court has considered the arguments and facts presented in the briefings for both of these motions, as well as the applicable law. For the following reasons, Plaintiffs' motion (Dkt. No. 110) is GRANTED. The Court will concurrently enter an Order based upon the parties' joint motion (Dkt. No. 111), consistent with the holding in this Order.

## I. INTRODUCTION

Plaintiffs filed this suit to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA") against Defendant Trane Corporation ("Trane"). This consolidated action involves 1,107 individuals who have opted into the litigation from locations allowed in the conditional certification, plus 221 additional individuals whose claims in the Dewberry collective action were consolidated with the Nelson collective action. The Court has previously granted Plaintiffs' request for conditional certification. (*See* Dkt. Nos. 51, 55.) The instant motion for discovery order is based on the parties' joint motion for entry of discovery and case management plan and scheduling order. (Dkt. No. 111.) In the joint motion, the parties state that they have reached agreement on many of the discovery issues but have been unable to agree on all discovery issues. They have agreed to the scope of oral discovery and to a schedule governing the deadlines in this case. The parties have also agreed that they will select individual case participants as "Discovery Plaintiffs" as a representative sample from all of the individuals who are named plaintiffs or who have opted into the litigation. The "Discovery Plaintiffs" are to be selected as follows: (1) three Named Plaintiffs (Nelson, Gross, and Dewberry); (2) 19 individuals who submitted declarations in support of the Motion for Notice; and (3) 84 opt-ins selected at random by the parties from the 1,328 individuals in the consolidated case, with a specified number of opt-ins for each location.

The fundamental disagreement which remains to be resolved by the Court is the scope of written discovery. The central disagreement is that Plaintiffs seek to limit written discovery to the Discovery Plaintiffs who may be used at trial while Defendant seeks to allow written discovery to be issued to the entire class of 1,328 opt-in plaintiffs in some capacity. In the joint motion, both sides present their proposals on how written discovery should be conducted. In

support of Plaintiffs' proposal contained in the joint motion for discovery order, Plaintiffs' also filed a motion for entry of limited discovery order. (Dkt. No. 110.) Plaintiffs seek to limit both written and oral discovery of class members to the agreed upon group of 91 Discovery Plaintiffs rather than to require all 1,328 participants to be subjected to written discovery and disclosures. Defendant seeks individualized written discovery for all opt-in plaintiffs.

## II. DISCUSSION

Plaintiffs seek to limit both written and oral discovery of class members to the agreed upon group of 91 Discovery Plaintiffs rather than to require all 1,328 participants to be subjected to extensive written discovery and disclosures. Plaintiffs argue that allowing Defendant to require burdensome discovery from all opt-in plaintiffs would undermine the fundamental tenets of the FLSA as well as the federal courts' commitment to the "just, speedy, and inexpensive determination of every action and proceeding." Plaintiffs argue that allowing full discovery of all named plaintiffs and opt-in plaintiffs would defeat the purpose of bringing a collective action to vindicate common claims under the FLSA and would be unduly burdensome for Plaintiffs and counsel. Plaintiffs argue that treatment of the opt-in plaintiffs as named parties subject to full discovery ignores the important procedural protections provided to litigants and efficiencies allowed the Court.

Plaintiffs argue that the majority view of district courts is that individualized discovery is generally not appropriate in FLSA collective actions and should be limited to a representative sample of the entire group, and cite numerous cases for that proposition. Plaintiffs argue that courts frequently refuse to allow discovery of all individuals who opt-in to a FLSA action, finding that such discovery inappropriately burdens plaintiffs and their counsel, and serves to undermine the efficiencies intended by the collective action model. Plaintiffs also argue that

3

Defendant has not made any showing as to why the information sought is not sufficiently available from their own records or from the 91 "Discovery Plaintiffs" the parties have agreed are appropriate for oral discovery.

Defendant argues that Plaintiffs inappropriately seek to prevent it from engaging in meaningful discovery about the fact-intensive claims and defenses at issue in this case. Defendant argues that a FLSA "collection action" is different than a Rule 23 class action for purposes of discovery. Defendant argues that under the plain language of 29 U.S.C. 216(b), filing a consent to join a collective action means the "employee shall be a party plaintiff," and thus unlike Rule 23 cases, there are no "absent parties." Because the Federal Rules of Civil Procedure allow parties to serve interrogatories, admissions, and requests for production of documents "on any other party," Defendant argues that it is entitled to obtain discovery from the Plaintiffs "regarding any nonprivileged matter that is relevant to any party's claim or defense."

Defendant argues that, contrary to Plaintiffs' assertions, individualized discovery for all opt-in parties is not unusual, and cites numerous cases permitting individualized discovery for all opt-in plaintiffs. Without the requested discovery, Defendant argues that it cannot develop the necessary facts to prove that Plaintiffs are not similarly situated at the decertification hearing. It argues that this case is "chock-full" of fact-intensive claims and defenses that do not lend themselves to representative proof and requires individualized factual inquiry. Defendant also argues that the Plaintiffs have made no showing that responding to written discovery would be embarrassing, oppressive, unduly burdensome or expensive, and that it would be premature for this Court to rule that discovery is unduly burdensome before any discovery is propounded. Because it has already agreed to strict limits on oral deposition testimony, Defendant argues that the verified interrogatories represent the only opportunity for it to acquire sworn statements from

4

the majority of the Plaintiffs. Further, Defendant argues that denying it individualized discovery would deprive it of its constitutional due process rights, because if only representative discovery is allowed, it may be liable for damages to individual Plaintiffs against whom it may have had viable, yet factually undeveloped, defenses.

The Eastern District of Texas, and specifically this Court, is one of many jurisdictions that has ordered limited, representative discovery of the named plaintiffs and opt-in plaintiffs in FLSA actions. *Schiff et al. v. Racetrac Petroleum, Inc.*, 2:03-cv-402-TJW, Dkt. No. 111 (E.D. Tex. June 8, 2005) (limiting discovery to a random sample of 35 opt-in plaintiffs). Numerous other courts also have found that individualized discovery is generally not appropriate in FLSA collective actions and should be limited to a representative sample of the entire group. *See Smith v. Lowes Home Ctrs.*, 236 F.R.D. 354, 356-58 (S.D. Ohio 2006) (denying defendant's request for individualized discovery of more than 1,500 opt-ins and instead ordering a representative sample of 90 randomly selected individuals from the opt-in plaintiffs); *Cranney v. Carriage Services, Inc.*, 2008 WL 2457912 at *3-5 (D. Nev. June 16, 2008) (limiting individualized discovery to 10% of a relevant combination of workers and work sites for the opt-in plaintiffs). The Court finds that limiting discovery in a FLSA action to a relevant sample minimizes the burden imposed on the plaintiffs "while affording the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses." *Smith,* 236 F.R.D. at 357-58. Further, the Court finds that there is no due process violation to Defendant in limiting written discovery to the Discovery Plaintiffs.

In this case "representative" discovery refers not only to the named plaintiffs but to a sample of 91 largely randomly selected individuals that the parties have agreed to designate as "Discovery Plaintiffs." The Court finds that there is no reason that all defenses and alleged

differences among class members cannot be ascertained and articulated based on the results of full discovery for the "Discovery Plaintiffs." If the discovery shows defenses and differences for these individuals, Defendant Trane will be able to make its case for decertification or summary judgment. The fundamental precept of statistics and sampling is that meaningful differences among class members can be determined from a sampling of individuals. The Court finds that the agreed upon group of "Discovery Plaintiffs" is a statistically acceptable representative sample of the entire group of opt-in Plaintiffs. Defendant Trane has not shown that the representative sample needs expanding to all class members for discovery purposes. However, if after conducting the discovery of the representative sample Defendant Trane can demonstrate to the Court that broader discovery is appropriate and necessary, the Defendant can so move.

## III. CONCLUSION

Accordingly, it is ORDERED that written discovery in this case be limited to the named plaintiffs and the 91 opt-in plaintiffs who the parties have agreed to designate as Discovery Plaintiffs. A concurrent order will be entered that adopts the parties' joint proposal for discovery and case management plan and adopts the Plaintiffs' proposal on written discovery, consistent with this order. Thus, Plaintiffs' Motion (Dkt. No. 110) is hereby GRANTED.

SIGNED this 4th day of December, 2009.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE